# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALDO MEDRANO AYALA,<br><br>　　　　　Petitioner,<br>vs.<br><br>ROBERT L. AYERS, JR., Warden of<br>California State Prison at San Quentin,<br><br>　　　　　Respondent. | CASE NO. 01cv741 BTM<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS GROUP THREE CLAIMS [Doc. No. 183] ON THE BASIS OF STATE PROCEDURAL BARS AND PURSUANT TO <u>TEAGUE V. LANE</u>** |

　　　　Respondent has filed a motion to dismiss the majority of the Group Three Claims on the basis of state procedural bars and pursuant to <u>Teague v. Lane</u>. For the reasons discussed below, Respondent's motion is **DENIED**.

## I. BACKGROUND

　　　　On April 17, 1997, Petitioner filed his automatic appeal with the California Supreme Court, and filed a Reply brief on April 27, 1998. On July 23, 1998, Petitioner filed a habeas petition with the California Supreme Court. On June 8, 2000, the California Supreme Court denied the appeal. <u>See</u> <u>People v. Ayala</u>, 23 Cal. 4th 225 (2000). On June 8, 2000, the California Supreme Court also summarily denied the habeas petition without comment. Subsequently, Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court, which was denied on March 5, 2001.

1  On May 3, 2002, Petitioner filed his Petition for Writ of Habeas Corpus with this Court. Shortly thereafter, the Court dismissed without prejudice certain claims presented in the Petition in order to permit Petitioner to exhaust those claims in state court. The Court stayed the federal proceedings pending the exhaustion of state court remedies.

On September 23, 2002, Petitioner filed a First Amended Petition for Writ of Habeas Corpus in the California Supreme Court. On September 10, 2003, the California Supreme Court denied the petition.

On November 14, 2003, Petitioner filed his First Amended Petition for Writ of Habeas Corpus in this case. He subsequently filed a Second Amended Petition for Writ of Habeas Corpus, the operative pleading in this action.

Respondent moves for dismissal of claims 17-24, 27-36, and 68 as procedurally defaulted, on the basis that the California Supreme Court found each of these claims to be untimely, successive, and/or repetitive of a claim previously raised on appeal. Petitioner requested that he be permitted to withdraw Claims 28 and 29 from the Second Amended Petition, and on June 8, 2006, the Court entered an order granting that request. The Court will not consider Respondent's previously filed motions regarding claims 28 and 29.

In the Answer to the Second Amended Petition, Respondent also contends these claims are barred under Teague v. Lane and moves for dismissal of the claims on that grounds.

## II.  PROCEDURAL DEFAULT

A federal court may be barred from reviewing the merits of a petitioner's claim when the petitioner has defaulted with respect to particular state law procedural requirements. Coleman v. Thompson, 501 U.S. 722, 729 (1991). A federal habeas petitioner will have procedurally defaulted his claim in federal court if the state procedural rule is independent of the federal question (i.e., not interwoven with federal law) and adequate to support the judgment (i.e., regularly followed and consistently applied). Id.; Harris v. Reed, 489 U.S. 255, 254 n.10 (1989).

If a state procedural ground is an adequate and independent ground for dismissal,

habeas corpus relief is unavailable in federal court unless a petitioner can show cause for the default and resulting prejudice, or show that a failure to consider the claims would result in a fundamental miscarriage of justice. See 28 U.S.C. § 2254(b).

In the instant case, Petitioner filed his automatic appeal on April 17, 1997 and his first state habeas petition on July 23, 1998. Petitioner then raised the contested claims in a second state (exhaustion) petition, filed on September 23, 2002. The September 2003 California Supreme Court order concludes that claims 17-24, 27-36 and 68 are "procedurally barred, separately and independently, as untimely. In re Robbins, 18 Cal.4th at 780-781 (1998); In re Clark, 5 Cal.4th 750, 763-799 (1993)." The state court also found these same claims to be "procedurally barred, separately and independently, as successive. In re Clark, 5 Cal.4th at 767-768; In re Horowitz, 33 Cal.2d 534, 546-547 (1949)." The state court found claims 18, 19, and 22 "procedurally barred, separately and independently, as repetitive of a claim raised on appeal. In re Harris, 5 Cal.4th at 824-849; In re Waltreus, 62 Cal.2d 218, 225 (1965)." The California Supreme Court also denied all of these claims on the merits.

**A.    Repetitive (In re Waltreus)**

Waltreus provides that "in the absence of strong justification, any issue that was *actually* raised and rejected on appeal cannot be renewed in a petition for habeas corpus." In re Harris, 5 Cal.4th 813, 829 (1993); see In re Waltreus, 62 Cal.2d 218 (1965). In Waltreus, the California Supreme Court stated "habeas corpus ordinarily cannot serve as a second appeal." Waltreus, 62 Cal.2d at 225.

The Ninth Circuit has repeatedly held this rule "is not sufficient to bar federal relief." Calderon v. United States District Court (Bean), 96 F.3d 1126, 1131 (9th Cir. 1996); Maxwell v. Sumner, 673 F.2d 1031, 1034-35 (9th Cir. 1982); LaCrosse v. Kernan, 244 F.3d, 702, 705 n.11 (9th Cir. 2001). In Forrest, the Ninth Circuit again stated "a Waltreus denial on state habeas has no bearing on [a habeas petitioner's] ability to raise a claim in federal court." Forrest v. Vasquez, 75 F.3d 562, 564 (9th Cir. 1996). In a more recent case, the Ninth Circuit reinforced this finding, stating "[t]he California Supreme Court's

reliance on *In re Waltreus* does not bar federal review." Hill v. Roe, 321 F.3d 787, 798 (9th Cir. 2003).

The Waltreus rule is not sufficient to bar federal review of Petitioner's claims.

### B. Untimely and Successive (In re Robbins and In re Clark)

As stated above, a federal court generally "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. at 729.

#### 1. Independence

A state procedural rule is "independent" if it is not interwoven with federal law. LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)).

In 1998, the California Supreme Court declared that it would no longer consider federal law when denying a habeas claim as procedurally barred for untimeliness. In re Robbins, 18 Cal. 4th at 811-12. In Bennett v. Mueller, the Ninth Circuit stated:

> [W]e respect the California Supreme Court's sovereign right to interpret its state constitution independent of the federal law. Applying Robbins prospectively, we [conclude] that the California Supreme Court's post-Robbins denial of [a] state petition for lack of diligence (untimeliness) was not interwoven with federal law and therefore is an independent procedural ground.

Bennett, 322 F.3d 573, 582-83 (9th Cir. 2003).

Even though the holding of Bennett involved only the untimeliness bar, the analysis in that case compels the same result for claims barred as successive. Id., 322 F.3d at 581-582. The Ninth Circuit later added that, "[t]he California Supreme Court has adopted in Robbins a stance from which it will now decline to consider federal law when deciding whether claims are procedurally defaulted." Park v. California, 202 F.3d 1146,

1152 (9th Cir. 2000). In this case, the California Supreme Court denied Petitioner's exhaustion petition in September 2003, well after that court declared their intention to apply state procedural rules independent of federal law. The Court concludes that the California Supreme Court applied the procedural rules in this case regarding untimeliness (with citations to Robbins and Clark) and successiveness (Clark and Horowitz) without reliance on federal law, thus rests on an independent state ground.

## 2. Adequacy

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established" at the time of the default. Bean v. Calderon, 96 F.3d 1126, 1129 (9th Cir. 1996). In Bennett, the Ninth Circuit adopted a new burden-shifting test for determining the adequacy of a state procedural bar. The Ninth Circuit held that:

> [T]he ultimate burden of proving the adequacy of the California state bar is upon the State of California. . .Once the state had adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's. [¶] Accordingly, because it is the State who seeks dismissal based on the procedural bar, it is the State who must bear the burden of demonstrating that the bar is applicable. . .

Bennett, 322 F.3d at 585-86.

The court cannot prevent a petitioner from seeking habeas relief on alleged violations of his federal constitutional rights unless the state procedural rule that purports to bar adjudication on the merits is a "firmly established and regularly followed state practice." Ford v. Georgia, 498 U.S. 411, 423-24 (1991), quoting NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 457 (1958). If a state procedure is not consistently applied before a petitioner runs afoul of it, then the rule cannot fairly prevent federal review of that petitioner's claims, for a procedural bar "must be sufficiently clear as to put a petitioner on notice that he must raise all claims or risk default. . ." Bargas v. Burns, 179 F.3d 1207, 1212 (9th Cir. 1999).

The Ninth Circuit has specifically held that "to constitute an adequate state ground, the procedural rule must be 'clear, consistently applied, and well-established at the time of petitioner's purported default." Powell v. Lambert, 357 F.3d 871, 872 (9th Cir. 2004), quoting Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994).  However, another Ninth Circuit case holds that "[a] state procedural rule constitutes an adequate bar to federal court review if it was firmly established and regularly followed at the time it was applied by the state court." Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999). Further, the Supreme Court has stated that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been "firmly established and regularly followed" by the time as of which it is to be applied." Ford, 498 U.S. at 424.

While the independence of a procedural rule is examined at the time at which it is to be applied, (see Park, 202 F.3d at 1151, 1153), the adequacy of a rule is determined at the time of a petitioner's default. See Fields v. Calderon, 125 F.3d 757, 760-61 (9th Cir. 1997); see also Calderon v. United States District Court (Hayes), 103 F.3d 72, 75 (9th Cir. 1996).

### a. Respondent's Initial Pleading Requirement

Under Bennett, the state must first "adequately ple[a]d the existence of an independent and adequate state procedural ground as an affirmative defense." Id., 322 F.3d at 586.

The Court finds that under Bennett, Respondent's initial burden is modest, and he is required only to plead the existence of a procedural bar that is applicable to the claims at issue. The Court's conclusion is supported by the Rules Governing Section 2254 Cases in the United States District Courts, which state only that a respondent's answer to a petition "must state whether any claim in the petition is barred by . . . a procedural bar." Rule 5, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

In the Answer to the Second Amended Petition, Respondent identified each of Petitioner's claims that he asserts were procedurally defaulted. (Answer at 62, 67-68, 71-72, 74, 76, 78, 83-84, 86, 88, 90-94, 96-97.)  He repeated his assertions of procedural

default for each of these claims in his Motion to Dismiss the Group Three Claims.  (Resp. Motion to Dismiss Group Three Claims at 6, 11, 13, 16-18, 20, 22, 26-27, 29, 32, 34-37, 39, 41-42.)

Respondent has therefore satisfied his initial burden of pleading the "affirmative defense" of a procedural bar in this case.  Bennett, 322 F.3d at 586.

      b.  Petitioner's Interim Burden

Once the state properly pleads the existence of an independent and adequate procedural bar, the burden shifts to a petitioner to place that defense in issue, and "[t]his must be done, at a minimum, by specific allegations by the petitioner as to the adequacy of the state procedure.  The scope of the state's burden of proof thereafter will be measured by the specific claims of inadequacy put forth by the petitioner."  Bennett, 322 F.3d at 584-85.

In measuring the effectiveness of any procedural bar, the state must establish that the bar was truly adequate on the date the default was "committed."  Calderon v. United States District Court (Hayes), 103 F.3d 72, 74 (9th Cir. 1996).  In Hayes, the Ninth Circuit found that a petitioner defaulted when he had the opportunity to raise the claims on direct appeal or in a first state habeas petition but failed to do so.  Id.  In this case, Petitioner's procedural default with respect to the untimeliness bar occurred at some point between the date his first state habeas petition was filed, July 23, 1998, and the denial of his second state petition, September 10, 2003.[1]  Petitioner's default with respect to the successiveness bar was, at the earliest, the date he filed his first state habeas petition, July 23, 1998.

The Ninth Circuit has previously held that the untimely and successive procedural

---

[1] According to the rules set forth by the California Supreme Court, a claim has the presumption of timeliness if a petitioner filed a petition within ninety days of an appellate reply brief.  See Clark, 5 Cal.4th 750, 782-83 (1993).  Clark also recognized several exceptions to the timeliness requirement, including four exceptions that may each qualify as a "fundamental miscarriage of justice."  Id. at 797.  A petitioner may also be able to avoid a timeliness default by demonstrating "good cause for delay" or an "absence of substantial delay" in the filing of his petition.  Robbins, 18 Cal. 4th at 814 n.34.  According to the California Supreme Court, a claim may be defaulted as untimely one day after the final day Petitioner would have been able to sustain his burden of establishing the claim's timeliness in state court.  The Court declines to make this determination and will proceed based upon the time period outlined above.

1 bars "were not firmly established and consistently applied at least prior to 1993." Cooper
2 v. Calderon, 255 F.3d 1104, 1111 (9th Cir. 2001); Fields, 125 F.3d at 765.  Further, where
3 the Ninth Circuit has previously found a procedural rule to be too ambiguous to bar
4 federal review during a specific time period, simply "contesting the adequacy" of that rule
5 is sufficient to meet a petitioner's burden under Bennett.  King v. LaMarque, 464 F.3d
6 963, 967 (9th Cir. 2006).  Here, Petitioner goes further, detailing the outcomes of a
7 number of capital habeas cases in an attempt to demonstrate inconsistent application of
8 the procedural bar rules in California. (Petr.'s Group 2 Reply at 54-56, 65-66.)  In the
9 Group Three merits brief, Petitioner specifically refers the Court to the procedural default
10 arguments he previously advanced for the Group Two Claims.  (See Petr.'s Group 3 Opp.
11 at 13.)

12       Petitioner has presented the Court with citations to 94 capital habeas petitions
13 decided by the California Supreme Court in which procedural defaults due to untimeliness
14 occurred or arguably could have occurred between 1985 and 2004.  (Petr.'s Group 2
15 Reply at 54-55.)  Petitioner alleges that the California Supreme Court was inconsistent in
16 applying the untimeliness procedural bar in those cases as demonstrated by the court's
17 application of that bar to some claims and not to others.  Petitioner further contends that
18 75 of these 94 petitions were successive petitions, and that the state supreme court was
19 also inconsistent in its application of that procedural bar.  (Id. at 65.)

20       The Court has reviewed the state court decisions offered by Petitioner, which
21 include several published decisions and a much greater number of postcard denials.  To
22 ascertain the adequacy of a procedural bar, the Court may consider unpublished orders
23 in addition to published opinions.  See Valerio v. Crawford, 306 F.3d 742, 776 (9th Cir.
24 2002).  The examination of these decision was properly "limited to the language of the
25 state court opinions."  Bennett, 322 F.3d at 584.  Additionally, because the California
26 Supreme Court's rules for capital and non-capital cases (regarding the untimeliness
27 procedural bar) differ, review was limited to capital cases.  Id. at 583.
28       In a recently published decision, Dennis v. Brown, 361 F.Supp.2d 1124 (N.D. Cal.

2005), a district court conducted a "comprehensive examination of the California Supreme Court's published and unpublished post-<u>Clark</u> capital habeas opinions and orders from 1993 to the present to determine whether any might support Respondent's position [that the state court has consistently applied the untimeliness bar]. None did so." <u>Id.</u> at 1134 n.13. In the instant case, Petitioner's citation to authority and a review of the noted cases compels the Court to agree with the court in <u>Dennis</u>.

The Court concludes Petitioner meets his burden under <u>Bennett</u> by citation "to authority demonstrating inconsistent application of the rule" with regard to both the untimely and successive procedural bars. <u>Bennett</u>, 322 F.3d at 586.

### c. <u>Respondent's Ultimate Burden to Prove Adequacy of Procedural Bars</u>

The Ninth Circuit has stated the government holds the "ultimate burden" of pleading and proving the independence and adequacy of the state procedural bar. <u>Bennett</u>, 322 F.3d at 585-86. By asserting inadequacy of the procedural bars with specific factual allegations, Petitioner has placed Respondent's defense of procedural default at issue. <u>Id.</u> at 586. Petitioner has compellingly "directed our attention to several cases [which] are sufficient to shift the burden back to the state to show that its procedural rule was clear, consistently applied, and well-established." <u>Powell v. Lambert</u>, 357 F.3d 871, 876 (9th Cir. 2004).

Respondent does not attempt to satisfy the ultimate burden of proving the adequacy of the untimeliness and successiveness procedural bars. Throughout the Group 2 and Group 3 merits briefings, Respondent continued to assert that Petitioner has not properly placed the procedural default defense in issue. In his Group 2 Reply Petitioner offered specific allegations of inconsistent application of the state procedural bars, citing to almost one hundred capital habeas cases. (<u>See</u> Petr.'s Group 3 Reply; <u>see also</u> Petr.'s Appendices A through C to Group 3 Reply.) Despite this, Respondent has made no attempt to demonstrate that the state court has been consistent in its application of these procedural bars to capital cases.

Respondent's initial group 3 argument regarding procedural bars asserted that:

"Because Respondent raised these procedural bars in its Answer, the burden to place those defenses in issue has shifted to Petitioner. Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003)." (Resp.'s Group 3 P&A in Support of MTD at 6.) Later in the Group Three briefing, Respondent specifically referred the Court to the arguments previously made in support of the Group Two motions, stating:

> As discussed in Respondent's Motion, the vast majority of Petitioner's claims in Group 3 are procedurally barred and untimely and successive. In arguing against application of these two procedural bars, Petitioner reiterates many of the same arguments previously made in the context of the Group 2 motions. (Petr.'s Group 3 Opp. at 13-31.) Respondent has previously addressed these arguments. (See Resp.'s Group 2 Reply at 2-10.)

(Resp.'s Group 3 Reply at 6.)

Despite possessing ample opportunity, Respondent has not provided the Court with any evidence to demonstrate the untimeliness and successiveness procedural bars are consistently applied, and thus has not met the "ultimate burden" under Bennett of proving the adequacy of the procedural rules relied on by the California Supreme Court in the denial of claims 17-24, 27-36, and 68.[2] This Court cannot conclude that the application of the procedural rules in question are sufficient to prohibit the consideration of these claims on the merits.

### III. TEAGUE V. LANE

The United States Supreme Court, addressing perceived inconsistencies in its prior retroactivity jurisprudence, held that "new" constitutional rules of criminal procedure will not be applied retroactively to cases on collateral review unless they fall within two narrow exceptions. Teague v. Lane, 489 U.S. 288 (1989). A new rule is one that "breaks new ground or imposes a new obligation on the States or the Federal Government" or one whose "result was not dictated by precedent existing at the time defendant's conviction became final." Id. at 301. The two exceptions to the Teague rule are: (1)

---

[2] As the Court concludes that Respondent has not established that the California Supreme Court applies these procedural bars consistently, the Court need not consider the arguments as to whether Petitioner has demonstrated cause and prejudice required to excuse a procedural default.

rules placing certain kinds of private individual conduct beyond the power of the criminal law to prohibit, and (2) procedures implicit in the concept of ordered liberty without which the likelihood of an accurate conviction is seriously diminished. Penry v. Lynaugh, 492 U.S. 302, 305 (1989); Graham v. Collins, 506 U.S. 461, 478 (1993).

When the state *properly* argues that a "defendant seeks the benefit of a new rule of constitutional law, the court must apply Teague v. Lane before considering the merits of the claim." Caspari v. Bohlen, 510 U.S. 383, 389 (1994). Under Teague, habeas relief is generally unavailable if based "on a rule announced after [a petitioner's] conviction and sentence became final." Id. The first step in a Teague analysis, therefore, is to determine whether a petitioner is seeking the benefit of a constitutional rule announced after his or her conviction became final. See id. at 389-90. However, it is unnecessary for the Court to make this determination in this case.

In the instant case, the state only makes brief mention of Teague while arguing the merits of each claim. Respondent's argument (in the combined pleadings and briefs filed with this Court) generally consists of the contention that "Petitioner fails to show that the claim does not rest upon a new rule barred under Teague v. Lane." (Answer at 62, 67-68, 71, 73-74, 76, 78, 82-84, 86, 88, 90-94, 96, 98, 164.) In the Group Three claims, Respondent advances a Teague argument for every claim except claim 25.

The Ninth Circuit has recently expressed its view on the duties placed on the state to properly raise and plead a claim made under Teague. That court has held:

> If a state seriously wishes to press Teague upon us, at a minimum Teague should be identified as an issue (indeed the first issue) on appeal, the new rule of constitutional law that falls within its proscription should be articulated, the reasons why such a rule would not have been compelled by existing precedent should be explained with particular reference to the appropriate universe of precedent, and an argument should be made why the rule contended for is not within one of Teague's exceptions.

Arredondo v. Ortiz, 365 F.3d 778, 781-782 (9th Cir. 2004).

Respondent first mentions Teague in the Second Amended Answer, but fails to properly develop this argument in the later motions for summary adjudication. The Ninth

Circuit places the burden on the state to articulate and present this argument. Respondent's burden to raise a <u>Teague</u> claim is not satisfied with little more than a one-line citation to <u>Teague</u> in its discussion of each claim.

## IV.  CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss the Group Three Claims on procedural bar grounds is **DENIED**.  Respondent's motion to dismiss the Group Three claims pursuant to <u>Teague v. Lane</u> [Doc. No. 183] is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 27, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge